People of the State of Illinois, ex rel. Glen E. Totten, Plaintiff-Appellant, v. Honorable Paul Powell, Secretary of State of Illinois, Defendant-Appellee.

Gen. No. 69–27.

Fifth District.
March 14, 1969.

Glen E. Totten, pro se, of Pontiac, appellant.

No brief for appellee.

PER CURIAM:

Petitioner, Glen E. Totten, an inmate of the Illinois State Reformatory at Pontiac, filed, pro se, a petition for writ of mandamus directing Honorable Paul Powell, Secretary of State, to furnish him with certain documents allegedly on file in his office. Upon motion of the State's Attorney of Wayne County, the circuit court dismissed the petition on the ground that it was without jurisdiction to adjudicate the matter.

Petitioner appealed to the Supreme Court and filed a brief, pro se, arguing a number of constitutional issues. The Supreme Court, on its own motion, on the ground that the circuit court had not ruled on any constitutional question, transferred the cause to this court.

Upon examination of the record this court holds that petitioner is a "poor person" within the contemplation of chapter 33, section 5, Ill Rev Stats 1967, and may proceed without payment of costs. Petitioner has not requested assignment of counsel, and at this stage of the proceedings, assignment of counsel does not appear to be necessary.

The record does not reflect that summons was requested or issued, nor that service was had upon the defendant, Secretary of State, and it cannot be ascertained whether the State's Attorney appeared solely in that capacity, or as counsel designated to act for the defendant.

In any event, the circuit court erred in holding that it was without jurisdiction. Under the provisions of article VI, section 9 of the Constitution of Illinois, the court has jurisdiction.

The matter of venue presents an entirely different question. The Civil Practice Act (c 110, Ill Rev Stats) applies to actions in mandamus. C 87, § 11, Ill Rev Stats 1967. Venue lies in the county of which the defendant is a resident (c 110, § 5, Ill Rev Stats) and article V, section 1 of the Constitution provides that the Secretary

of State shall reside "at the seat of government" which is in Springfield, in Sangamon County. C 123, § 1, Ill Rev Stats 1967.

As to whether the defendant, after proper service of summons, will elect to effect a change of venue under the provisions of section 8 of the Civil Practice Act does not concern us at this time, nor need we speculate as to the merits of petitioner's action. The sole question before us now, is whether the circuit court was without jurisdiction to hear the case.

For the reasons set forth, the judgment of dismissal is reversed and the cause remanded to the Circuit Court of Wayne County with directions to vacate the order of dismissal, and for further proceedings consistent with this opinion.

Judgment reversed and cause remanded with directions.